United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41680
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONEL ESTRADA-ZAMORA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-612-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leonel Estrada-Zamora (Estrada) appeals his 46-month sentence following his guilty plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326. Estrada argues for the first time on appeal that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of United States v. Booker, 543 U.S. 220 (2005). Assuming arguendo that the written plea agreement does not foreclose review of this argument, we review it for plain error. See United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Estrada concedes that he cannot demonstrate that the district court would likely have sentenced him differently under an advisory sentencing scheme.  His argument that this error is structural, or at least presumptively prejudicial, is foreclosed, see United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005), and his argument that we require proof by a preponderance of the evidence that this error affected his substantial rights lacks merit.  See Mares, 402 F.3d at 521; Martinez-Lugo, 411 F.3d at 601.

Estrada's constitutional challenge to § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Estrada contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Estrada properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.